UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KALIM NYABINGHI MILLER,

    Plaintiff,

v.                                          Case No: 2:16-cv-759-FtM-29CM

BILL PRUMMELL, KATHRYN
HORST and MICHAEL GRIFFIN,

    Defendants.
_____/

**OPINION AND ORDER**

    This matter comes before the Court on Plaintiff, Kalim Nyabinghi Miller's Complaint (Doc. 1) filed on October 11, 2016. On April 17, 2017, the Court ordered Miller to show cause, within fourteen days, why this case should not be dismissed for abuse of the judicial process because he failed to truthfully disclose all of his prior federal cases, as required on the complaint form (Doc. 10). The time to respond to the Court's Order has expired and Miller has failed to respond.

    Miller executed the civil rights complaint form under penalty of perjury (Doc. 1). Miller was questioned on page two of his Complaint whether he had "initiated other actions in federal court dealing with the same or similar facts/issues involved in this action or otherwise relating to your imprisonment or conditions thereof?" Plaintiff checked "no." Id. The Court, however, identified the following cases brought by the Plaintiff in the

Middle District of Florida: (1) 2:13-cv-155, and (2) 2:09-cv-802. Both of these cases dealt with issues relating to Plaintiffs imprisonment or the conditions thereof.

The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding in forma pauperis). Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been raised in prior litigation. Identification of that prior litigation frequently enables the Court to dispose of the successive case without further expenditure of finite judicial resources.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. See Redmon v. Lake County Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. Feb. 10, 2011).[1] In Redmon, the Eleventh Circuit affirmed the dismissal of a prisoner's civil

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he misunderstood the form, but the Court held that the district court had the discretion to conclude that his explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" Id. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's pro se status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993).

Id. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.

Although given an opportunity to do so (Doc. 10), Miller has not provided any reason for his failure to reveal his prior litigation. Miller's failure to fully disclose his previous lawsuits, under penalty of perjury, constitutes an abuse of the judicial process. See Rivera v. Allin, 144 F.3d 719, 731 (11th

3

Cir. 1998).  An appropriate sanction for such abuse of the judicial process is the dismissal of the complaint without prejudice.  <u>Id.</u>

Accordingly, it is now

**ORDERED:**

Plaintiff, Kalim Nyabinghi Miller's Complaint (Doc. 1) is **DISMISSED without prejudice**.  The Clerk of the Court is directed to enter judgment accordingly, terminate all pending motions, and close the file

**DONE** and **ORDERED** in Fort Myers, Florida this \_\_5th\_\_ day of May, 2017.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Kalim Nyabinghi Miller
All Parties of Record
SA: FtMP-2

4